IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| John Thomas Reardon, | ) | C/A No. 8:17-3128-TMC |
|                 Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| S. Lee, Edgar Morales, Mr. Montalvo, Ms. Ramos, P. Walton-Battle, Cynthia Coleman, Donaldo Fonte, and Mr. Sizemore, | ) ) ) | |
| | ) | |
|                 Defendants. | ) | |

Plaintiff, John Thomas Reardon, a pro se federal inmate, filed this action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), alleging that his constitutional rights have been violated. (ECF No. 1). In his amended complaint, Plaintiff alleges that Defendants S. Lee, Edgar Morales, Mr. Montalvo, Ms. Ramos, P. Walton-Battle, Cynthia Coleman, Donaldo Fonte, and Mr. Sizemore have been deliberately indifferent to his medical needs. (ECF No. 31-1 at 1). On November 11, 2018, Defendants filed a motion to dismiss or, alternatively, for summary judgment. (ECF No. 72). After being granted several extensions (ECF Nos. 76, 79, 82, 85), Reardon filed a response opposing the motion on June 3, 2019. (ECF No. 90). On July 10, 2019, the magistrate judge filed a Report and Recommendation ("Report") recommending that the court grant Defendants' motion. (ECF No. 92 at 18). Plaintiff was advised of his right to file objections to the Report. (ECF No. 92-1 at 1). However, Plaintiff has not filed any objections, and the time to do has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report.

*See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Plaintiff has brought this *Bivens* action alleging a claim of deliberate indifference to his medical needs. (ECF No. 31-1 at 1). Defendants can be grouped into three categories: (1) Sizemore and Walton-Battle, officials of the Public Health Service; (2) Lee, Morales, Montalvo, and Ramos, employees at the Federal Correctional Institution in Coleman, Florida, ("Florida Defendants"); and (3) Coleman and Sizemore, employees at the Federal Correctional Institution in Edgefield, South Carolina ("South Carolina Defendants"). In their motion, Defendants argue that because Plaintiff is only seeking injunctive relief his claims are moot in light of his transfer to the Federal Correction Institution in Schuylkill in Minersville, Pennsylvania ("FCI-Schuylkill"). (ECF No. 72 at 5-6). Further, Defendants argue that the court does not have personal jurisdiction over the Florida Defendants, *id.* at 6, Defendants Sizemore and Walton-Battle are entitled to absolute immunity, *id.* at 9, and all of the Defendants are entitled to qualified immunity, *id.* at 12-22. In response, Plaintiff seeks to amend his complaint to add claims seeking money damages and requests that the court transfer this case to the "proper jurisdiction." (ECF No. 90 at 1-2).

In her Report, the magistrate judge agrees with Defendants' argument that, because Plaintiff is seeking only injunctive relief and has been transferred to FCI-Schuylkill, his claims are now moot. (ECF No. 92 at 10-11).[1] Even if Plaintiff were allowed to amend, the magistrate judge found that such amendments would be futile because Defendants Battle and Sizemore as officers of the Public Health Service are entitled to absolute immunity, *id.* at 15, the court is without personal jurisdiction over the Florida Defendants, *id.* at 12-15, and the South Carolina Defendants are entitled to qualified immunity because Plaintiff has alleged only negligence and failed to establish deliberate indifference to his medical needs, *id.* at 16-18. The magistrate judge recommends that Defendants' motion to dismiss or, in the alternative, for summary judgment (ECF No. 72) be granted. (ECF No. 92 at 18).

As noted above, Plaintiff did not file any objections.

The magistrate judge did not specify whether she was recommending that the court grant the motion to dismiss, which can be with or without prejudice, or the alternative motion for summary judgment, which is with prejudice. The court agrees with the magistrate judge that Defendants Walton-Battle and Sizemore should be granted summary judgment on the basis of absolute immunity. Further, the court finds that Plaintiff has failed to establish deliberate indifference claims against the South Carolina Defendants and that these Defendants should also be granted summary judgment. Additionally, the court agrees with the magistrate judge that Plaintiff's request to amend his complaint to add money damages claims against these Defendants would be futile. Finally, the court agrees with the magistrate that this court lacks personal jurisdiction over the Florida

---

[1] As the magistrate judge notes, Plaintiff was transferred to FCI-Schuylkill at his own request to be closer to family. (ECF No. 92 at 11 n.7).

Defendants. However, because the magistrate judge recommends that the court dismiss the Florida Defendants based on a lack of personal jurisdiction, the court finds that such dismissal should be without prejudice.[2] *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." (alteration in original) (citation omitted)). Moreover, Plaintiff's request to amend to add money damages would be futile in regard to Plaintiff's claims against the Florida Defendants as it would not affect the court's lack of personal jurisdiction over the Florida Defendants.

Having reviewed the Report, the court adopts the Report (ECF No. 92), as modified below. Accordingly, the court **GRANTS** Defendants' motion to dismiss or alternatively for summary judgment (ECF No. 72). Defendants Walton-Battle, Sizemore, Coleman, and Fonte are **GRANTED** summary judgment on Plaintiff's claims against them, and Defendants Lee, Morales, Montalvo, and Ramos' motion to dismiss is **GRANTED without prejudice**.

**IT IS SO ORDERED**.

s/Timothy M. Cain
United States District Judge

---

[2]Courts have noted that it is in the interest of justice to transfer a case to a proper forum rather than dismiss a case where the statute of limitations might prevent a plaintiff from commencing a new suit in the proper forum. *See Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 430 n.7 (1965). The court declines to transfer this action as the statute of limitations has not yet run. The length of the statute of limitations in a § 1983 action is determined by the law of the state where the cause of action arose. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Florida, a four-year statute of limitations applies to claims of deprivation of rights under § 1983 or *Bivens*. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). Plaintiff alleges that he has not received the proper medical care from an injury that occurred in January 2016. (ECF No. 31-1 at 2). Therefore, it appears that the statute of limitations has not yet run on his *Bivens* claims.

July 30, 2019
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.